**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**LAUREN M. STACK,**

                                **Plaintiff,**

                    v.                                                     1:17-CV-279
                                                                           (FJS/CFH)

**CITY OF GLENS FALLS; CITY OF GLENS
FALLS COMMON COUNCIL; JACK DIAMOND,
Mayor; JIM CAMPINELL, First Ward Councilman;
BILL COLLINS, Second Ward Councilman; JANE
REID, Third Ward Councilwoman; SCOTT
ENDIEVERI, Fourth Ward Councilman; JIM
CLARK, JR., Fifth Ward Councilman; DAN HALL,
Councilman-at-Large; and ROBERT CURTIS,
City Clerk,**

                                **Defendants.**
_____

| **ATTORNEYS** | **OF COUNSEL** |
|---|---|
| **IANNIELLO ANDERSON P.C.**<br>6 Butler Place<br>Saratoga Springs, New York 12866<br>Attorneys for Plaintiff | **SARAH J. BURGER, ESQ.** |
| **MCCABE & MACK LLP**<br>63 Washington Street<br>P.O. Box 509<br>Poughkeepsie, New York 12602-0509<br>Attorneys for Defendants | **DAVID L. POSNER, ESQ.** |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Pending before the Court is Defendants' motion, pursuant to Rule 12(c) of the Federal Rules

of Civil Procedure, for judgment on the pleadings, dismissing Plaintiff's complaint for failure to

state a claim.  *See* Dkt. No. 23.  The Court heard oral argument in support of and in opposition to this motion on August 8, 2018, at the end of which the Court reserved decision.  The following is the Court's written disposition of the pending motion.

## II. BACKGROUND

Plaintiff initially filed a hybrid Article 78 proceeding and summons and complaint in New York Supreme Court, Warren County.  Plaintiff's complaint contained five causes of action: (1) a claim under Article 78; (2) a claim under 42 U.S.C. § 1983 that Defendants violated her Fourteenth Amendment substantive and procedural due process rights; (3) a claim that Defendants violated her rights under the New York State Constitution; (4) a claim that Defendants violated New York Human Rights Law § 296(15); and (5) a claim that Defendants Diamond and Curtis were individually liable as aiders and abettors under New York Human Rights Law.  *See generally* Dkt. No. 2 ("Complaint").

Defendants removed the plenary action to this Court because the complaint contained a § 1983 claim alleging a violation of Plaintiff's constitutional rights.  The Article 78 portion of the complaint remained in state court.

In her complaint, Plaintiff alleged that, at the time of her termination, she was the assessor for Defendant City of Glens Falls ("Defendant City").  Prior to her initial appointment as assessor in September 2009, Plaintiff had been convicted of burglary in the State of Florida in the mid-1990s for which she was incarcerated for three years and four months, after which she had been granted clemency and a restoration of her civil rights.  She notified Defendant Diamond, Mayor of Defendant City, of this conviction in December 2010.  Despite his awareness of Plaintiff's prior

conviction, Defendant Diamond reappointed her to a full six-year term as assessor that began on October 1, 2013, and expires September 30, 2019.

On March 6, 2015, while off-duty, she was arrested for driving while intoxicated. On August 29, 2016, she pled guilty to criminal misdemeanor reckless endangerment and two violations of New York Vehicle and Traffic Law for Driving While Ability Impaired. She was sentenced to three years of probation, had her license suspended for 90 days after which an ignition interlock device was installed, which she was required to use to operate her vehicle, promised to attend the victim impact panel and complete a drug and alcohol evaluation, and paid court fines.

On September 6, 2016, Plaintiff was notified by letter that Defendant City was suspending her employment without pay pending a hearing and determination of a disciplinary charge of misconduct related to the plea agreements that she had signed on August 29, 2016. The letter also notified her that Defendant Robert Curtis, City Clerk, had been appointed as the Hearing Officer for the matter.

Prior to the commencement of the hearing, Plaintiff signed a Stipulation and Agreement agreeing to resolve the disciplinary charge. However, following Assistant to the Mayor Mike Mender's disclosure to several medial outlets that an agreement had been reached on September 20, 2016, Plaintiff exercised her right under the ADEA and the Older Workers Benefit Protection Act to revoke her signature on the agreement on September 21, 2016.

On September 22, 2016, Plaintiff was notified by letter from Defendant City that it was adding an additional charge based on her prior felony burglary conviction. The letter set a hearing for September 28, 2016. The hearing was held, with Defendant Curtis as the hearing officer; and, by recommendation dated October 1, 2016, he recommended that Defendant City terminate her

employment. Plaintiff was notified by letter dated October 11, 2016, that Defendant City had terminated her employment effective October 3, 2016.

Based on these allegations, in addition to commencing an Article 78 proceeding, which is not before this Court, Plaintiff asserted a claim under § 1983, in which she alleged that she had a property right in her position as the Sole Assessor of Defendant City because "it is a state-wide appointment pursuant to RPTL § 310 for a fixed term of six years and requires commissioner certification of successful completion of training and education prescribed by the commissioner, as well as completion of all additional courses in continuing training and education programs as prescribed by the Commissioner." *See* Complaint at ¶ 60. In addition, she claimed that she had a "protected liberty interest in her ability to obtain future employment as [a] certified assessor in New York State." *See id.*

Plaintiff further contended that "[t]he property right to the use and unimpaired beneficial enjoyment of [her] state certifications and the right not to be deprived of their use and enjoyment without due process of law" was well-established and that Defendants should have known those rights were well-established. *See id.* at ¶ 61.[1] She also alleged that her "protected liberty interests in being able to obtain future employment as a certified assessor in New York State [was] also a well-established right," which Defendants knew or should have known. *See id.*

Plaintiff alleged that, "[a]s a result of [Defendants'] wrongful termination and public

---

[1] In her complaint, Plaintiff asserted that "[a]ssessors c[ould] only be removed from office by the state supreme court for any misconduct, maladministration, malfeasance or malversation in office pursuant to the public officer's law. POL § 36. Alternatively, there [was] no cause to remove an assessor from office." *See* Complaint at ¶ 61. However, Plaintiff now concedes that Public Officer's Law § 36 does not apply to his case; and, therefore, she has abandoned this argument. *See* Dkt. No. 27 at 5 n.1.

-4-

stigmatization of [her, she] had been unable to find jobs comparable to the assessor position which she [had] held" with Defendant City. *See id.* at ¶ 62. Plaintiff argued that, because she could not "obtain full-time permanent employment as an assessor, . . . her ability to use and enjoy the rights and privileges conferred by her certifications . . . and . . . her ability to obtain future employment and pursue her chosen profession in New York State by using her certifications, ha[d] been substantially impaired." *See id.* at ¶ 64. Finally, Plaintiff contended that these "deprivations were without due process of law in violation of the Fourteenth Amendment to the United States Constitution and in violation of 42 U.S.C. § 1983." *See id.* at ¶ 65.

### III. DISCUSSION

**A.    Standard of review**

Rule 12(c) of the Federal Rules of Civil Procedure provides that, "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A court applies the same standard of review to a Rule 12(c) motion as it does to a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6). *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006) (citing [*Karedes v. Ackerley Grp. Inc.*, 423 F.3d 107, 113 (2d Cir. 2005)]). On a motion to dismiss for failure to state a claim, the court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quotation omitted). However, the court is not required to credit legal conclusions, bare assertions or conclusory allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-81 (2009) (citing [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)]). Thus, "[t]o survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting [*Twombly*, 550 U.S.] at 570, 127 S. Ct. 1955). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing [*Twombly*, 550 U.S.] at 556, 127 S. Ct. 1955). Therefore, under this standard, a plaintiff must support her claims with sufficient factual allegations to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). Thus, if the plaintiff has not "'nudged [her] claims' . . . 'across the line from conceivable to plausible,'" the court must dismiss the complaint. *Id.* at 680 (quoting [*Twombly*, 550 U.S. at 570]).

### B.     Plaintiff's procedural due process claim[2]

Plaintiff's procedural due process claim rests on her assertion that her "pre-termination hearing was a sham and violated her procedural due process rights . . . because [D]efendants failed to provide [her] with a meaningful opportunity to be heard" when Defendant Diamond appointed Defendant Curtis, the City Clerk, as the hearing officer for her pre-termination hearing.[3] *See* Dkt.

---

[2] In response to Defendants' motion, which sought dismissal of Plaintiff's substantive and procedural due process claims, Plaintiff only addressed her procedural due process claim. At oral argument, in response to the Court's inquiry, Plaintiff's counsel acknowledged that Plaintiff had abandoned her substantive due process claim. Therefore, the only remaining claim that Plaintiff asserts under § 1983 is her procedural due process claim.

[3] Plaintiff does not allege that Defendant City failed to provide her with notice of the charges against her, an explanation of the nature of its evidence, or an opportunity to respond. Nor does she allege that an Article 78 proceeding is not a wholly adequate post-deprivation remedy for the purposes of due process.

No. 27 at 15 (citation omitted).[4] Plaintiff explained that the appointment of Defendant Curtis as the hearing officer did not comply with procedural due process for the following reasons: (1) Defendant Curtis was appointed by and directly reported to Defendant Diamond and was the ex officio Clerk of the Common Council and, thus, was a participant within the agency or entity undertaking the challenged action and (2) Defendant Diamond ordered Defendant Curtis to serve as hearing officer even after he expressed that he did not feel very good about being the hearing officer but stated that he would do it if Defendant Diamond ordered him to do so. *See id.* at 16. In other words, Plaintiff claims that Defendant Curtis was biased and that Defendants violated her due process rights by not providing her with a neutral adjudicator at her pre-termination hearing.

In *Locurto v. Safir*, 264 F.3d 154 (2d Cir. 2001), the court addressed and rejected a similar argument. In that case, one of the issues on appeal was "whether plaintiffs' allegation of due process violations at their administrative hearings [was] foreclosed by the existence of an adequate post-deprivation remedy in the form of an Article 78 proceeding under New York law." *Id.* at 170 (citations omitted). The plaintiffs' due process claims rested on their allegations that defendant police commissioner and defendant fire commissioner, who possessed final authority to review their disciplinary adjudications, "predetermined to fire [them] from the outset, prior to any administrative hearings, at the direction of Mayor Giuliani." *Id.* at 171.

To support their claims, the plaintiffs argued that "due process required the adoption of a recusal mechanism to safeguard the neutrality of the decisionmaker at their pre-deprivation hearing." *Id.* at 173. The court rejected this argument, explaining that, "[a]lthough due process

---

[4] References to page numbers of documents in the record are to the page numbers that the Court's Electronic Case Filing system generates.

guarantees notice and a hearing prior to the termination of a tenured public employee, the requisite hearing is a minimal one." *Id.* (citing *Gilbert*, 520 U.S. at 929, 117 S. Ct. 1807 ("[A] public employee dismissable [sic] only for cause [i]s entitled to a *very limited* hearing prior to his termination.") (emphasis added)). The court noted further that, "as the Supreme Court [had] explained in *Loudermill*, a pre-termination hearing does not purport to resolve the propriety of the discharge, but serves mainly as a check against a mistake being made by ensuring there are reasonable grounds to find the charges against an employee are true and would support his termination." *Id.* at 173-74 (citation omitted). Thus, the court concluded that, "[r]equiring more than notice of the charges, an explanation of the nature of the employer's evidence, and an opportunity for the employee to respond would impede the government's interest in quickly removing from service an unsatisfactory employee." *Id.* at 174 (citing [*Loudermill*, 470 U.S.] at 546, 105 S. Ct. 1487).[5]

In this case, Plaintiff acknowledges, as she must, the Second Circuit's holding in *Locurto*. Nonetheless, she attempts to distinguish *Locurto* by relying on a much earlier Second Circuit decision, *Dwyer v. Regan*, 777 F.2d 825, 833 (2d Cir. 1985), in which the court had stated that, where a plaintiff contends that the elimination of her position is a sham, to satisfy procedural due process, a pre-termination hearing must be held "'before a fact finder other than the agency undertaking the challenged action.'" *See* Dkt. No. 27 at 15 (quoting *Dwyer v. Regan*, 777 F.2d 825, 833 (2d Cir. 1985)). Plaintiff asks the Court to extend *Dwyer* to this case. The Court declines to do

---

[5] The *Locurto* court noted that, "[i]n reaching this result, *Loudermill* relied heavily on the fact that the state had afforded the plaintiff a full adversarial hearing subsequent to termination." *Locurto*, 264 F.3d at 174 (citing [*Loudermill*, 470 U.S. at 546] ("Our holding rests in part on the provisions in Ohio law for a full post-termination hearing.")).

so because to grant that request would be contrary to the Second Circuit's holding in *Locurto*, which specifically rejected the *dicta* in *Dwyer* on which Plaintiff relies.

In *Locurto*, the court noted that, since the Supreme Court's decision in *Loudermill*, it had "not had occasion to decide squarely whether due process requires a neutral adjudicator at a pre-termination hearing of a tenured public employee," *Locurto.* 264 F.3d at 174, although it had discussed that subject in *Dwyer*. However, the court explained that "[t]he only question necessary to decide [*Dwyer*] was whether due process entitled [the plaintiff] to a pre-deprivation hearing upon request. . . . Because [the plaintiff] had not alleged making such a request, the question whether due process further entitled him to a neutral adjudicator at that hearing was hypothetical and, as such, *dicta*." *Id.* (citation omitted). Finally, the court stated that "[n]o subsequent decisions from [the Second] Circuit or other circuits ha[d] held that such a neutral adjudicator [was] a necessary component of due process at a pre-termination hearing [and **the court] hold[s] that it is not.**" *Id.* (emphasis added).

The *Locurto* court made clear, however, that its holding was "necessarily limited to the situation where the state affords plaintiff, subsequent to [her] termination, a full adversarial hearing before a neutral adjudicator." *Id.*[6] The court explained that, because "[p]etitioners proceeding under Article 78 may raise claims that the agency adjudicator was biased and prejudged the outcome, . . ., that the determination was slanted by the adjudicator's refusal to recuse herself, . . . or that *ex parte* communications with other officials may have affected the adjudicator's ruling, . . .

---

[6] The court noted that the plaintiffs did "not dispute that New York afforded them such a hearing via an Article 78 proceeding in New York State Supreme Court" and that a person "proceeding under Article 78 may raise claims that the agency adjudicator was biased and prejudiced the outcome." *Locurto*, 264 F.3d at 174 (citations omitted).

-9-

[a]n Article 78 proceeding . . . constitutes a wholly adequate post-deprivation hearing for due process purposes. . . ." *Id.* at 174-75 (internal citations omitted). For all these reasons, the court held that, "[c]onsequently, the allegations of plaintiffs' complaints fail to state a violation of due process at the administrative hearings and that claim must be dismissed in its entirety." *Id.*

There can be no dispute that *Locurto* governs this case. Therefore, because a neutral adjudicator is not a required component of procedural due process at a pre-termination hearing in situations, such as this one, where Plaintiff has a wholly adequate post-deprivation hearing under Article 78 available to her, the Court finds that Plaintiff has not stated sufficient factual allegations in her complaint to state a claim for relief that is plausible on its face, *i.e.*, that Defendants violated her Fourteenth Amendment procedural due process rights by appointing Defendant Curtis as the hearing officer for her pre-termination hearing.

## C. Supplemental jurisdiction

Since the Court has concluded that Plaintiff has not stated a procedural due process claim, the only claims that remain in this action are her state-law claims that Defendants violated her rights under the New Your State Constitution, violated New York Human Rights Law § 296(15), and that Defendants Diamond and Curtis are individually liable, as aiders and abettors, under New York Human Rights Law. *See generally* Complaint.

Section 1367 of Title 28 of the United States Code provides, in pertinent part, as follows:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
>
> * * * * * * * * * *
>
> (3) the district court has dismissed all claims over

> which it has original jurisdiction, . . .
>
> * * * * * * * * * *
>
> (d) The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides a longer tolling period. . . .

28 U.S.C. § 1367(c), (d).

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . – judicial economy, convenience, fairness and comity – will point toward declining to exercise jurisdiction of the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). In light of the fact that this case is in the early stages of litigation and, after considering all of the relevant factors, as well as the fact that Plaintiff's Article 78 proceeding remains in state court and that she initially chose state court as the forum for all her claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims.

### IV. CONCLUSION

Having reviewed the entire file in this matter, the parties' submissions and oral arguments and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, *see* Dkt. No. 23, is **GRANTED** with respect to Plaintiff's claim pursuant to 42 U.S.C. § 1983 that Defendants violated her Fourteenth Amendment right to due process; and the Court further

-11-

**ORDERS** that Plaintiff's remaining state-law claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3); and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants and close this case.

**IT IS SO ORDERED.**

Dated: August 13, 2018
       Syracuse, New York

                                      Frederick J. Scullin, Jr.
                                      Senior United States District Judge